

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. 0-3737
Re: Application of provisions
of Section 2 of the De-
partmental Appropriation
Bill, same being Senate
Bill No. 423, Acts 47th
Leg., to purchases of
various supplies made by
the Unemployment Compen-
sation Commission from
the funds in the Unem-
ployment Compensation Ad-
ministration Fund supplied
by the Federal Government.

We received your letter dated August 7, 1941, requesting
our opinion on the following question:

Do the general provisions of Section 2 of the
Departmental Appropriation Bill, supra, apply to
expenditures made from the Unemployment Compensa-
tion Administration Fund?

We gather from your letter that you are interested only
in those provisions of Section 2 of the Departmental Appropria-
tion Bill, supra, which appertain to the purchasing of supplies
and equipment and this opinion is so limited.

In the beginning, we wish to point out some of the Federal
Statutes which relate to the question at hand.

Section 502 (a), Title 42, U.S.C.A., provides in part
as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Claude A. Williams, page 2

"(a)  The Board shall from time to time
certify to the Secretary of the Treasury for
payment to each State which has an unemployment
compensation law approved by the Board under the
Federal Unemployment Tax Act, such amounts as
the Board determines to be necessary for the
proper and efficient administration of such law
during the fiscal year for which such payment
is to be made. . ."

Section 503 (a), Title 42, supra, reads in part as follows:

"The Board shall make no certification for pay-
ment to any State unless it finds that the law of
such State, approved by the Board under the Federal
Unemployment Tax Act, includes provision for:

"(8) Effective July 1, 1941, the expenditure
of all moneys received pursuant to Section 502 of
this title solely for the purposes and in the amounts
found necessary by the Board for the proper and
efficient administration of such State law; and

"(9)  Effective July 1, 1941, the replacement,
within a reasonable time, of any moneys received
pursuant to Section 502 of this title, which, be-
cause of any action or contingency, have been lost
or have been expended for purposes other than, or
in amounts in excess of, those found necessary by
the Board for the proper administration of such
State law."

By virtue of the above quoted statutes and other provisions
of the Social Security Act, the Social Security Board has pro-
mulgated various standards, instructions, specifications, rules
and regulations concerning the manner and method in which the
Texas Unemployment Compensation Commission may expend the
funds contained in the Unemployment Compensation Administration
Fund insofar as supplied by the Federal Government.  The
Federal Statutes and the various standards, instructions,
specifications, rules and regulations of the Social Security
Board, promulgated under said Federal Statutes, must be fol-
lowed by the State in order for the State to receive the un-
employment compensation administration funds.

Hon. Claude A. Williams, page 3

If the applicable provisions of Section 2 of the Departmental Appropriation Bill, supra, apply to purchases of supplies and equipment made by the Unemployment Compensation Commission out of funds contained in the Unemployment Compensation Administration Fund as furnished by the Federal Government, then it will be impossible for the Commission to follow the various rules, regulations, etc. of the Social Security Board in this matter.

In the Departmental Appropriation Bill, supra, we find certain language in Section 1 thereof which specifically refers to the Unemployment Compensation Commission. We quote as follows:

"All moneys granted to this State by the Federal Government for the administration of the Unemployment Compensation Act are hereby appropriated to be expended for purposes for which such moneys were granted. Notwithstanding any other provisions of this Act, moneys granted for travel shall be expended in the amounts and in accordance with the standards of the Social Security Board and the rules and regulations adopted by the Unemployment Compensation Commission to meet such standards. Out of state travel expense paid solely from Federal grants and made in accordance with the Federal standards as being necessary for proper administration of the Unemployment Compensation Act do not have to have the approval of the Attorney General.

"Salaries to the employees of the Unemployment Compensation Commission and members of the Commission shall be paid in accordance with agreements made between the Commission and the Social Security Board, but in no case shall such salaries be less than those authorized by the Act creating the Unemployment Compensation Commission." (Underscoring ours)

Since it is well known that the Federal Funds in question can be obtained only if expended as directed by the Social Security Board, we believe that the above underscored language would indicate that the general provisions contained in Section 2 of the Departmental Appropriation Bill, supra, with reference to purchases of supplies and equipment, would not apply to such

Hon. Claude A. Williams, page 4

purchases made by the Unemployment Compensation Commission out of unemployment compensation administration funds supplied by the Federal Government.

Section 2 (10) of said Appropriation Bill reads as follows:

> "(10) United States Funds and Aid. The proper officer or officers of any State Departments, bureaus, or divisions of State agencies are hereby authorized to make application for and accept any gifts, grants, or allotments or funds from the United States Government to be used on State cooperative and other Federal projects and programs in Texas, including construction of public buildings, repairs, and improvements. Any of such Federal funds as may be deposited in the State Treasury are hereby appropriated to the specific purpose authorized by the Federal Government, and subject to the limitation placed on this Act." (Underscoring ours)

The above underscored provision would indicate that the general provisions of Section 2 of the Departmental Appropriation Bill are applicable to the expenditure of the funds in question. It is to be noted, however, that Section 2 (10), supra, is in general language and makes no specific reference to the funds in the Unemployment Compensation Administration Fund as received from the Federal Government.

The 47th Legislature enacted House Bill No. 499, effective May 21, 1941, which concerns the question at hand. Said Bill reads in part as follows:

> "There is hereby created in the State Treasury a special fund to be known as the Unemployment Compensation Administration Fund. All moneys which are deposited or paid into this fund are hereby appropriated and made available to the Commission and shall be continuously available to the Commission for expenditure in accordance with the provisions of this Act, and shall not lapse at any time or be transferred to any other fund. All moneys in this fund which are received from the Federal Government or any agency thereof shall be expended solely for the purposes and in

Hon. Claude A. Williams, page 5

the amounts found necessary by the Social Security Board for the proper and efficient administration of this Act. The fund shall consist of all moneys appropriated by this State; all moneys received from the United States of America, or any agency thereof, including the Social Security Board; all moneys received from any other source for such purpose; all moneys collected by the Commission as costs or fees charged by the Commission for furnishing photostatic or certified copies of records of the Commission, or fees charged by the Commission for making audits pursuant to the authority granted in this Act, and shall also include any moneys received from any agency of the United States of America or any other State as compensation for services or facilities supplied to such agency, any amounts received pursuant to any surety bond or insurance policy or from other sources for losses sustained by the Unemployment Compensation Administration Fund, or by reason of damage to equipment or supplies purchased from moneys in such fund, and any proceeds realized from the sale or disposition of such equipment or supplies which may no longer be necessary for the proper administration of this Act. All moneys in this fund shall be deposited, administered, and disbursed, in the same manner and under the same conditions and requirements as is provided by law for other special funds in the State Treasury. . ." (Underscoring ours)

The first underscored provision would indicate that the funds in the Unemployment Compensation Administration Fund should be disbursed by the Unemployment Compensation Commission in the manner directed by the Social Security Board. The latter underscored provision would indicate that the disbursement of these funds would be controlled by the provisions of Section 2 of the Departmental Appropriation Bill and other applicable State Laws.

Still another law relating to the question at hand is Section (1) of Article 5221b-9, Vernon's Annotated Civil Statutes, which was enacted by the 44th Leg., 3rd C. S., p. 1993, Ch. 482. Said section reads as follows:

"State-Federal Cooperation: In the administration of this Act, the Commission shall cooperate to the fullest extent consistent with the provisions

Hon. Claude A. Williams, page 6

of this Act, with the Social Security Board,
created by the Social Security Act, approved
August 14, 1935, as amended; shall make such
reports, in such form and containing such in-
formation as the Social Security Board may from
time to time require, and shall comply with such
provisions as the Social Security Board may from
time to time find necessary to assure the correct-
ness and verification of such reports; and shall
comply with the regulations prescribed by the
Social Security Board governing the expenditures
of such sums as may be allotted and paid to this
State under Title III of the Social Security Act,
for the purpose of assisting in the administration
of this Act.

"Upon request therefor, the Commission shall
furnish to any agency of the United States charged
with the administration of public works or assistance
through public employment, the name, address,
ordinary occupation, and employment status of each
recipient of benefits and such recipient's rights
to further benefits under this Act." (Underscoring
ours)

Title 3 of the Social Security Act is codified as 42
U. S. C. A., Sections 501-503 and is set out in part in the
first part of this opinion.

To briefly summarize, we find specific language in
House Bill 499, supra, and the Departmental Appropriation
Bill, supra, both enacted by the 47th Legislature, Regular
Session, which would indicate that the funds in question
should be expended by the Unemployment Compensation Commission
in the manner as directed by the Social Security Board. Then,
again, there is language in both Bills which would indicate in
a general way that such funds could be spent only in accordance
with the laws of this State applicable to other general and
special funds.

Section (1) of Article 5221b-9, supra, clearly shows a
legislative intent that the funds in question should be dis-
bursed in the manner directed by the Social Security Board.
In view of the language in House Bill No. 499, supra, and the
Departmental Appropriation Bill, supra, to the same effect
and in view of the Federal Statutes and the requirements of

Hon. Claude A. Williams, page 7

the Social Security Board, we come to the conclusion that the provisions of Section 2 of the Departmental Appropriation Bill, supra, relating to the manner and method of purchasing supplies and equipment does not apply to such purchases made by the Texas Unemployment Compensation Commission out of funds in the Unemployment Compensation Administration Fund obtained from the Federal Government when said purchases are made in the manner and method as required by the rules, regulations, etc. of the Social Security Board.

We trust that we have satisfactorily answered your question.

APPROVED SEP 4, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

LS:N

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lee Shoptaw
Lee Shoptaw
Assistant

